UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re ZOLTAN M. ANTAL,

    Debtor.
_____/

ZOLTAN M. ANTAL,

    Appellant,

v.

KRISPEN S. CARROLL,

    Chapter 13 Trustee/Appellee,

WILMINGTON TRUST, NATIONAL
ASSOCIATION, not in its individual
capacity, but solely AS TRUSTEE FOR
MFRA TRUST 2014-2,

    Creditor/Appellee.
_____/

Civil Case No. 20-12212
Honorable Linda V. Parker

Bankruptcy Case No. 20-47857
Honorable Mark A. Randon

## OPINION AND ORDER

This matter is before the Court on Debtor/Appellant Zoltan M. Antal's motions to stay, pending appeal in this Court, a bankruptcy court's decision denying Antal's motion to extend an automatic stay of his bankruptcy case. (ECF Nos. 3, 6.) Appellees did not respond to the motions. For the reasons that follow, the Court denies Antal's motions.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2016, Debtor filed for bankruptcy under Chapter 13 ("2016 Bankruptcy"). (ECF No. 5 at Pg. ID 104.) Pursuant to 11 U.S.C. § 362(a), the filing of this voluntary bankruptcy petition triggered an automatic stay of virtually any action lodged by virtually any creditor against Antal. Creditor Wilmington Trust, National Association ("Wilmington") is the holder of a mortgage on Antal's personal residence located in Dearborn Heights, MI ("Property") and the Property was treated as a secured claim in the 2016 Bankruptcy. (ECF No. 5 at Pg. ID 178.) Wilmington objected to the confirmation of Antal's Chapter 13 plan. Antal and Wilmington subsequently entered into an Agreement Resolving Creditor's Objections to Confirmation & Modifying the Automatic Stay ("Agreement" and "Order" "Resolving Objections & Modifying Automatic Stay"). (*Id.* at Pg. ID 252.) Pursuant to the Agreement Resolving Objections & Modifying Automatic Stay, Antal would keep current on the property taxes and insurance, and any failure to maintain these obligations would result in Wilmington filing a Notice of Default. (*Id.* at Pg. ID 253.) If Antal did not timely cure the delinquency detailed in the Notice of Default, "[Wilmington] [could] submit an order vacating the

Automatic Stay to the Court for entry with no further notice or hearing required." (*Id.*)

Wilmington filed a Notice of Default on May 11, 2020, stating that Antal was delinquent in the payment of various taxes. (*Id.* at Pg. ID 261.) Antal did not timely cure the delinquency and, as a result, Wilmington filed a "Notice That Default Has Not Been Cured,"[1] along with a proposed order titled, "Order Granting Relief from the Automatic Stay and Co-Debtor Stay and Waiving the Provision of FRBP 4001(a)(3)." (*See id.* at Pg. ID 267, 274-75.) The bankruptcy court, the Honorable Mark A. Randon presiding, issued the order. (*Id.* at Pg. ID 275.) Antal then filed a Motion for Voluntary Dismissal of his case, which was granted on July 2, 2020. (*Id.* at Pg. ID 276-78.)

Two weeks later, on July 17, 2020, Antal again filed for Chapter 13 bankruptcy ("2020 Bankruptcy"). (*See id.* at Pg. ID 107.) In the instant motion, Antal states that, even though the 2016 Bankruptcy was still pending within the year proceeding the 2020 Bankruptcy, the filing of the 2020 Bankruptcy was done in "good faith" and, accordingly, he filed a Motion to Extend the Automatic Stay

---

[1] The "Notice That Default Has Not Been Cured" stated in relevant part: "(1) [Wilmington] . . . filed an Notice of Default with this Court on May 18, 2020, pursuant to the terms of the [Order] entered with this Court on August 31, 2016 . . .; (2) The Notice of Default was served on May 18, 2020 . . .; (3) Pursuant to Creditor's records, the Debtor has failed to cure the default within the 30 days allowed." (ECF No. 5 at Pg. ID 267.)

3

("Motion to Extend Automatic Stay") pursuant to § 362(c)(3).[2] (ECF No. 6 at Pg. ID 300.) Wilmington filed an Objection to the Motion for an Extension of the Automatic Stay ("Objection to Motion to Extend Automatic Stay") (ECF No. 5 at Pg. ID 178-81), arguing that—pursuant to 11 U.S.C. § 109(g)(2)[3]—Antal could not extend the automatic stay. The bankruptcy court held a hearing on the Motion to Extend Automatic Stay on August 5, 2020, and found that § 109(g)(2) applied and, thus, Antal was barred from filing for bankruptcy relief for 180 days following the dismissal of the 2016 Bankruptcy. (*Id.* at Pg. ID 183-84, 280-88.) Accordingly, the Motion to Extend Automatic Stay was denied and Antal's case was dismissed. (*Id.* at Pg. ID 183-84.)

---

[2] 11 USC § 362(c)(3)(B) and (C) states: "**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors . . . only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and **(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith . . . **(i)** as to all creditors, if . . . **(II)** a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to . . . **(cc)** perform the terms of a plan confirmed by the court . . . ."

[3] 11 U.S.C. § 109(g)(2) states: "**(g)** [N]o individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if . . . **(2)** the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by [S]ection 362 of this title."

At that hearing, Antal's counsel orally motioned for a stay of the bankruptcy court's order pending appeal in this Court. (*Id.* at Pg. ID 286.) The bankruptcy court denied the request. (*Id.* at Pg. ID 287.)

Antal now asks this Court to stay the bankruptcy court's denial of the Motion to Extend Automatic Stay and impose a stay pending the outcome of Antal's appeal in this Court. (ECF No. 3, 6.)

## STANDARD OF REVIEW

Under Federal Rule of Bankruptcy Procedure 8007(b), a party may request a stay from the district court. Before doing so, the party must seek relief in the bankruptcy court, and if denied, the party may then petition for review in the district court. Fed. R. Bankr. P. 8007(a)(1). A stay pending an appeal is similar to a preliminary injunction, so the factors that govern a decision to issue an injunction likewise govern a decision to issue a stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). Those factors are: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

In analyzing the four factors, the Court engages in an individualized balancing act. *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997) (holding that the factors are not "prerequisites that must be met" but rather "considerations . . . to be balanced"). The Court balances the four factors within the abuse of discretion framework, giving fresh review to legal conclusions and reviewing factual findings for clear error. *In re Isaacman*, 26 F.3d 629, 631 (6th Cir. 1994); *see also In re H.J. Scheirich Co.*, 982 F.2d 945, 949 (6th Cir. 1993). In doing so, the Court must ask "whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs.*, 227 F.3d 604, 608 (6th Cir. 2000) (citing *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

## APPLICABLE LAW AND ANALYSIS

The Court begins with the first factor: "likelihood of success on the merits." 11 U.S.C. § 109(g)(2) prohibits a debtor from seeking relief a second time within 180 days of an earlier bankruptcy case if the debtor "requested and obtained the voluntary dismissal of the [earlier] case following the filing of a request for relief from the automatic stay provided by [S]ection 362." 11 U.S.C. § 109(g)(2). Under

§ 362(a), the filing of a Chapter 13 bankruptcy petition operates as an automatic stay of actions lodged by creditors against debtors.

Per § 362(d)(1), a creditor may move the bankruptcy court to lift the automatic stay "for cause." Antal does not dispute that his failure to cure the Notice of Default would satisfy the "for cause" provision of § 362(d)(1). In fact, in his Motion to Extend Automatic Stay, Antal concedes that he "voluntarily dismissed [the 2016 Bankruptcy] because he fell behind on his post-petition property tax obligation and was unable to bring the taxes current in the short period of time allowed to cure his Notice of Default." (ECF No. 5 at Pg. ID 173, 177.) Antal instead argues that Wilmington never invoked the "for cause" provision of § 362(d)(1). Specifically, Antal contends that "Wilmington never filed for relief from stay pursuant to § 362(d) . . . which would trigger the applicability of § 109(g)(2)" and instead filed for relief pursuant to the Agreement Resolving Objections & Modifying Automatic Stay. (ECF No. 3 at Pg. ID 25-26.) The Court agrees with the bankruptcy court: Antal's argument amounts to "dancing on the head of a needle." (ECF No. 5 at Pg. ID 283.) But the Court need not entertain this dance because Antal's motion fails for a different reason.

Under Federal Rule of Bankruptcy Procedure 4001(d)(1)(A), a debtor and creditor may come to an "agreement relating to relief from the automatic stay," including "an agreement to modify or terminate the stay provided by § 362." "A

motion for approval of [such an agreement] . . . shall be accompanied by a copy of the agreement and a proposed form order." Fed. R. Bankr. P. 4001(d)(1)(A).

Here, the parties agreed that following Antal's failure to timely cure the delinquency detailed in a Notice of Default, "[Wilmington] [could] submit an order vacating the Automatic Stay to the Court for entry with no further notice or hearing required." (ECF No. 5 at Pg. ID 253.) The parties submitted a motion to approve the agreement, along with a copy of the agreement and the proposed Order Resolving Objections & Modifying Automatic Stay, which the bankruptcy court subsequently entered. (*See id.* at Pg. ID 252-57.) Antal eventually failed to meet the provisions of the agreement and Wilmington sought and received relief from the automatic stay after filing the Notice That Default Has Not Been Cured. (*Id.* at Pg. ID 267-75.) Antal has not established that a reasonable person could disagree with the bankruptcy court's conclusion that § 109(g)(2) applies because Wilmington requested relief from § 362's automatic stay, as modified by the Agreement Resolving Objections & Modifying Automatic Stay, and Antal thereafter voluntarily dismissed the 2016 Bankruptcy. (*Id.* at Pg. ID 285-86.)

To the extent that Antal contends that the Agreement Resolving Objections & Modifying Automatic Stay could be approved by the bankruptcy court only after a motion for relief from the automatic stay was filed (ECF No. 7 at Pg. ID 324-25), this argument is unavailing. Federal Rule of Bankruptcy Procedure

8

4001(d)(1)(A)(iii) permits a court to approve "an agreement to modify or terminate the stay provided for in § 362" upon a motion to approve such an agreement. Antal points to no case suggesting that Rule 4001(d)(1)(A) requires that a motion for relief from an automatic stay be filed *prior* to parties making an agreement modifying the automatic stay and *prior* to the bankruptcy court approving it. Fed. R. Bankr. P. 4001(d)(1)(A). Moreover, Rule 4001(d)(4) specifically and separately contemplates an "agreement in settlement of [a] motion," including "[a] motion for relief from an automatic stay." Fed. R. Bankr. P. 4001(d)(4) (citing Fed. R. Bankr. P. 4001(a)). If Part 4 of Rule 4001(d) specifically contemplates agreements following motions for relief from an automatic stay, it follows that Parts 1, 2, and 3 of Rule 4001(d) concern agreements that are unrelated to a pending motion for relief from an automatic stay.

Because Wilmington requested relief from § 362's automatic stay as modified by the Order Resolving Objections & Modifying Automatic Stay, the Court need not address Antal's argument that § 109(g)(2) does not apply because Wilmington did not cite to § 362(d)(1) in its Notice That Default Has Not Been Cured, or explicitly state that it was seeking relief from the automatic stay "for cause."

For the same reason, the Court need not reach Antal's contention that the Federal Rule of Bankruptcy Procedure 4001, 9013, and 9014 required Wilmington

9

to file a *motion* in order to request relief from the automatic stay and that Wilmington did not do so (ECF No. 7 at Pg. ID 324): again, the Agreement Resolving Objections & Modifying Automatic Stay did not require a motion. Instead, it required only that Wilmington submit an order vacating the automatic stay for entry by the bankruptcy court. Thus, Antal is unlikely to succeed on the merits of his argument that the bankruptcy court abused its discretion in concluding that § 109(g)(2) applies.

As to the second factor, the Court holds that Antal has shown a likelihood of irreparable harm. Antal points out that, absent a stay of the bankruptcy court's order, Wilmington and the taxing authority will proceed with foreclosure on the Property. (ECF No. 6 at Pg. ID 306.) Once the real property is sold, Antal claims, he will be required to vacate what has been his and his family's long-time home. (*Id.*)

The third factor to be considered by the Court in determining whether a debtor is entitled to a stay pending appeal is the prospect that others will be harmed if the Court grants the stay. Here, the 2016 and 2020 Bankruptcies have, together, spanned the course of approximately four years. Issuing a stay would force Defendants back into the very proceedings from which the bankruptcy court

ordered them relieved and delay the exercise of the foreclosure remedy Defendants bargained for in the relevant contract(s).[4]

Lastly, the Court must consider whether there is a public interest in granting the stay. As Chief Judge Hood explained *in Sayo v. Zions First Nat. 7 Bank*, "there are public policy arguments in favor of both sides of the dispute. Public policy disfavors the sale of real property through foreclosure auctions, but also favors parties [honoring] contractual agreements," such as those requiring payment of various taxes on properties. *See* No. 06–14963, 2006 WL 3392072, at *6 (E.D. Mich. Nov. 22, 2006).

## CONCLUSION

For the foregoing reasons, the Court holds that Antal's argument that the bankruptcy court abused its discretion in concluding that § 109(g)(2) applies, barring Antal from filing for bankruptcy relief for 180 days, is not likely to succeed on the merits. The Court finds that Antal's failure to show a likelihood of success on the merits is—when balanced with the other factors—significant enough to make a stay pending appeal in this Court unwarranted.

---

[4] In support of his argument that a stay that would effectively bar Wilmington from pursuing foreclosure remedies would cause "minimal" harm to Wilmington, Antal notes that he paid the amount owed on Property's mortgage in full prior to the voluntary dismissal of the 2016 Bankruptcy. (ECF No. 3 at Pg. ID 28-29.) Notably, however, Antal concedes that unpaid accrued interest and miscellaneous fees remain due and owing. (*Id.*)

11

Accordingly,

**IT IS ORDERED** that Debtor/Appellant, Zoltan M. Antal's, Motion to Stay U.S. Bankruptcy Court Order Denying Zoltan M. Antal's Motion to Extend the Automatic Stay and Dismissing the Case Pursuant to Fed. R. Bankr. Proc. 8007 (b)(1) (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Antal's Emergency Amended Motion to Stay U.S. Bankruptcy Court Order Denying Zoltan M. Antal's Motion to Extend the Automatic Stay and Dismissing the Case Pursuant to Fed. R. Bankr. Proc. 8007 (b)(1) (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 17, 2020